UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL McDONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 C 5011 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| NATURE'S WAY PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

After learning that Alive! Women's Energy Supplements ("Women's Alive") contain substantial ingredients that are not "Made in the USA" as advertised, Plaintiff Angel McDonnell filed this putative class action complaint against Defendant Nature's Way Products, LLC ("Nature's Way"), Women's Alive's manufacturer. McDonnell brings claims for violations of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 810 Ill. Comp. Stat. 510/1 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, and certain other states' consumer fraud laws, in addition to an unjust enrichment claim. Nature's Way has filed a motion to dismiss the amended complaint [27].

The Court grants in part and denies in part the motion to dismiss. Because McDonnell has not alleged that Nature's Way's representations about Women's Alive will harm her in the future, the Court dismisses the UDTPA claim. But the Court allows McDonnell to proceed on her ICFA and unjust enrichment claims, finding that she has sufficiently pleaded the required ICFA elements at this stage and that the unjust enrichment claim rises or falls alongside the ICFA claim. And although at this stage the Court allows McDonnell's claims under other states' consumer fraud laws to proceed, she cannot pursue relief for any claims related to unidentified

Nature's Way products. Finally, because the Seventh Amendment allows for jury trials in certain cases even where no such right exists in state court and the Court finds McDonnell's ICFA claim provides her with the right to a jury, the Court refuses to strike the jury demand.

## BACKGROUND[1]

McDonnell, a resident of Plainfield, Illinois, purchased Women's Alive on several occasions in 2013 and 2014 at CVS and Walgreens stores in Joliet and Plainfield, Illinois. Women's Alive is one of a number of vitamin supplements manufactured and sold by Nature's Way. Women's Alive includes vitamin C in the form of ascorbic acid as a significant ingredient. Although the ascorbic acid is manufactured outside of the United States, the Women's Alive label states both on the bottom of the box and the bottle that it is "Made in USA."[2] But pursuant to the Federal Trade Commission's guidelines concerning domestic source representations, because the product contains foreign-sourced vitamin C, the "Made in USA" statement should be qualified. McDonnell relied on the representation that Women's Alive was made in the USA when buying the supplement because she prefers to purchase goods made in the United States instead of imported goods and she believed that the vitamins contained in the supplement did not originate from foreign sources.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

---

[1] The facts in the background section are taken from McDonnell's amended complaint and are presumed true for the purpose of resolving Nature's Way's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

[2] The amended complaint includes a photograph of the label of the bottom of a Women's Alive box purchased in 2016. The label includes a 2014 copyright and McDonnell alleges that "it is either the same as or very similar to the labels seen by Plaintiff." Doc. 24 ¶ 10.

1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case."  *AnchorBank*, 649 F.3d at 615 (citation omitted).  Rule 9(b) applies to "all averments of fraud, not claims of fraud."  *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).  "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements."  *Id.*

## ANALYSIS

### I. UDTPA Claim (Count I)

The UDTPA only provides for injunctive relief where a plaintiff can "show that the defendant's conduct will likely cause it to suffer damages in the future."  *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 857, 392 Ill. App. 3d 1, 330 Ill. Dec. 826 (2009).  Nature's Way argues that the Court should dismiss McDonnell's

3

UDTPA claim because she has not adequately alleged that Nature Way's representations that Women's Alive is made in the USA will harm her in the future. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). Here, although McDonnell does include a picture of a label from a Women's Alive box purchased in 2016 around the time she filed the amended complaint, she does not allege that she has recently purchased Women's Alive (only claiming to have purchased it in 2013 and 2014). Moreover, her present awareness of Nature's Way's alleged deceptive labeling practices—as evidenced by the filing of this lawsuit—means that she is unlikely to be harmed in the future by Nature's Way's labeling claims, be it with respect to Women's Alive supplements or other unnamed supplements that Nature's Way manufactures that contain vitamin C. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740–41 (7th Cir. 2014) (finding that plaintiff was not entitled to injunctive relief on UDTPA claim where he was aware of defendant's sales practices and only offered speculation that he would be harmed by defendant's practices because he had been harmed in the past); *Demedicis v. CVS Health Corp.*, No. 16-cv-5973, 2017 WL 569157, at *2 (N.D. Ill. Feb. 13, 2017) (dismissing claim alleging violation of UDTPA for labeling Vitamin C drops and other products containing vitamins with false statements of origin because "[p]laintiff has not alleged that he is likely to keep buying products from Defendants with the knowledge of their allegedly deceptive practices"); *Johnson v. Wal-Mart Stores, Inc.*, No. 3:15-cv-775-DRH-DGW, 2016 WL 3753663, at *2–3 (S.D. Ill. July 14, 2016) ("[T]he plaintiffs' awareness of the defendants' tendency to mislabel products means the plaintiffs can avoid future harm by exercising consumer choice.").[3]

---

[3] McDonnell urges the Court to follow *Leiner v. Johnson & Johnson Consumer Cos.*, which found plaintiffs had standing to pursue injunctive relief under ICFA despite the fact that they were unlikely to

The fact that Nature's Way markets a number of products or has been sued for making unrelated allegedly misleading claims does not matter; the issue is whether McDonnell has asserted a basis for future harm with respect to the alleged mislabeling of Women's Alive. McDonnell is aware of this alleged deception and so can avoid the problem in the future. *See Kljajich v. Whirlpool Corp.*, No. 15 C 5980, 2015 WL 8481973, at *4–5 (N.D. Ill. Dec. 10, 2015) (discussing requirement of future harm for UDTPA actions and finding that plaintiff could not proceed on UDTPA claim because she knew of risks concerning defendants' ovens and so could avoid buying them in the future). Thus, without more than McDonnell's claim of speculative harm, following *Camasta*, the Court dismisses the UDTPA claim without prejudice.

## II. ICFA Claim (Count II)

To state an ICFA claim, McDonnell must allege (1) a deceptive or unfair act or practice by Nature's Way, (2) Nature's Way's intent that McDonnell rely on the deceptive or unfair practice, (3) the deceptive or unfair practice occurred in the course of conduct involving trade or commerce, and (4) Nature's Way's deceptive or unfair practice caused McDonnell actual damage. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). Because McDonnell proceeds on a deceptive practices claim, she must meet Rule 9(b)'s heightened pleading standard. *Camasta*, 761 F.3d at 737.

First, Nature's Way argues that McDonnell's claim fails for lack of specificity because she includes in the amended complaint a picture of the label on the bottom of a Women's Alive box purchased in 2016, but she purchased Women's Alive in 2013 and 2014. She need not have included a photograph of the allegedly deceptive statement in her amended complaint, however,

---

purchase defendants' products in the future. No. 15 C 5876, 2016 WL 128098, at *1 (N.D. Ill. Jan. 12, 2016). *Leiner* did not address whether a plaintiff could obtain injunctive relief under the UDTPA nor did it mention *Camasta*, a Seventh Circuit case that clearly controls the question of whether McDonnell can proceed with her UDTPA claim.

and so the Court treats the photograph only as a representative example of Nature's Way's deception. The Court proceeds to consider whether the allegations McDonnell makes in the amended complaint concerning the allegedly deceptive statement suffice to state an ICFA claim. Her amended complaint describes the alleged misrepresentation McDonnell viewed when purchasing the supplement and describes the alleged deception—that Women's Alive contains vitamin C in the form of ascorbic acid that is necessarily foreign-sourced but purports to be entirely domestically sourced. Nature's Way does not cite any cases that required McDonnell to provide more specificity (such as the countries from which the vitamin C is sourced), and the Court has not found any cases supporting this notion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel").

Nature's Way also argues that McDonnell has not sufficiently alleged actual damages, which, for an ICFA claim, "requires that the plaintiff suffer actual pecuniary loss." *Kim*, 598 F.3d at 365 (citation omitted) (internal quotation marks omitted). "[A]ctual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Id.* (quoting *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197–98, 382 Ill. App. 3d 620, 321 Ill. Dec. 257)). McDonnell alleges that "she paid more for the products than they were actually worth" and "would not have purchased the vitamins at the price she paid if she had known that they contained foreign-sourced vitamins." Doc. 24 ¶ 20. Although these allegations are relatively bare-bones, they cure the issue identified in *Demedicis*, where the plaintiff did not even allege "that, but for the alleged deception, he would not have purchased the Supplements." 2017 WL 569157, at *3. The Court will not require McDonnell to plead more, particularly where Nature's Way again has not provided citations to support its

insistence that she need have included comparisons to other vitamins or even the price she paid for Women's Alive. *See Biffar v. Pinnacle Foods Grp., LLC*, No. 16-0873-DRH, 2016 WL 7429130, at *4 (S.D. Ill. Dec. 22, 2016) (plaintiff's allegation that price of muffin mix was "more than the value of the muffin mix as sold and that she would not have purchased it or would have paid less for it had she known it contained synthetic ingredients" sufficient to plead a plausible theory of actual damages); *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 990 (N.D. Ill. 2013) (plaintiff may plead actual damages by alleging that he was deprived of the benefit of the bargain because the product was worth less than it would have been worth absent deception or misrepresentation); *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911–12 (N.D. Ill. 2011) (plaintiff adequately pleaded actual damages in alleging they would not have purchased the product but for defendant's deception). The Court therefore allows McDonnell to proceed with her ICFA claim.

### III. Unjust Enrichment (Count III)

McDonnell's unjust enrichment claim is premised on the same allegations as those underlying her ICFA claim—that Nature's Way deceptively labels Women's Alive as "Made in USA" while it actually contains foreign-sourced ingredients. Where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Because the Court finds that McDonnell's ICFA claim survives dismissal, her unjust enrichment claim survives as well.

7

**IV.    Claims Concerning Other Nature's Way Supplements**

McDonnell references not only Women's Alive but other Nature's Way products in her amended complaint, apparently seeking relief for representations that those products also contain foreign-sourced ingredients but claim to be "Made in USA." Nature's Way contends that McDonnell cannot pursue claims for these unnamed products. McDonnell does not claim that she purchased any other Nature's Way products nor does she name these other products, what ingredients they include, or what alleged misrepresentations those product labels state. Without additional details, McDonnell cannot pursue claims concerning these unnamed products on her own behalf or on behalf of the putative class. *See Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 WL 5234596, at *4 (N.D. Ill. Sept. 22, 2016) (limiting plaintiff's claim to the product he purchased, collecting cases that refused to recognize a plaintiff's standing to assert consumer fraud claims for products that the plaintiff did not purchase); *Hass v. Citizens of Humanity, LLC*, No. 14-CV-1404 JLS (WVG), 2016 WL 7097870, at *6–7 (S.D. Cal. Dec. 6, 2016) (finding that plaintiff could not represent herself or other purchasers who purchased other apparel products she did not purchase that she claimed to be substantially similar because she did not describe or identify the other products or demonstrate that those products or labels were substantially similar to the product she purchased). Therefore, the Court dismisses these allegations without prejudice.

**V.    Claims Under Laws of Other States (Count IV)**

Nature's Way argues that McDonnell cannot assert claims under the laws of any state but Illinois because she does not reside in any of those states nor did she purchase Women's Alive in those states and thus has not suffered any injury in those jurisdictions. McDonnell responds that she may seek relief on behalf of a multistate class as long as Nature's Way is subject to jurisdiction in Illinois.

Although McDonnell focuses on the wrong issue,[4] the Court nonetheless does not find Nature's Way's arguments at this stage persuasive. Courts are split as to the appropriate time to consider a challenge to a named plaintiff's ability to represent a class with respect to claims under laws of states in which the named plaintiff does not reside. In *Amchem Products, Inc. v. Windsor*, in considering whether a class should be certified for settlement purposes, the Supreme Court resolved "logically antecedent" class certification issues before standing issues, observing that without a certified class, the unnamed, proposed class members' standing was irrelevant. 521 U.S. 591, 612, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Similarly, in *Ortiz v. Fibreboard Corp.*, although acknowledging that "[o]rdinarily . . . [an] Article III court must be sure of its own jurisdiction before getting to the merits," the Court again found class certification issues to be "logically antecedent" to Article III concerns and addressed whether the proposed settlement class met Rule 23's requirements before considering the putative class representative's standing. 527 U.S. 815, 831, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999). The Seventh Circuit followed suit in *Payton v. County of Kane*, addressing class certification prior to standing issues. 308 F.3d 673, 680–81 (7th Cir. 2002) (following *Ortiz* to "consider issues of class certification prior to issues of standing," noting that "once a class is properly certified, statutory and Article III standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs").

---

[4] It appears that this portion of McDonnell's brief is copied from a response her counsel filed to a similar putative class action her counsel is pursuing in this district in which the jurisdictional issue was raised. *See Demedicis*, 2017 WL 569157, at *3–4 (addressing arguments raised by defendants and plaintiff concerning whether plaintiff could pursue claims on behalf of potential out-of-state class members, focusing on personal jurisdiction and mirroring the arguments made in McDonnell's response). The *Demedicis* court dismissed the claims based on violations of non-Illinois consumer fraud statutes on personal jurisdiction grounds. *Id.* at *5. Because Nature's Way does not raise this issue, the Court declines to follow *Demedicis* on the issue.

Courts in this district, however, are divided as to whether these decisions require a plaintiff to establish standing at the pleading stage to pursue claims under state laws in which that plaintiff does not reside or cannot claim to have personally suffered an injury. *Compare Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1009 (N.D. Ill. 2015) (question of whether plaintiff can represent multistate class with respect to claims under other states' consumer fraud statutes is best left for class certification stage); *Cohan v. Medline Indus.*, No. 14 CV 1835, 2014 WL 4244314, at *2 & n.1 (N.D. Ill. Aug. 27, 2014) ("Standing in the class action context can and should be evaluated with respect to the individual named-plaintiff and later—in the event a class is certified—with respect to the class as a whole."); *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 WL 3754041, at *5 (N.D. Ill. Nov. 5, 2009) ("*Ortiz* created an exception, limited to class actions, to the general rule that courts address standing as a threshold matter."), *with Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 731–35 (N.D. Ill. 2015) (finding that plaintiffs needed a named representative from each state to proceed on claims under each state's laws); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CR 3690, 2013 WL 4506000, at *6 (N.D. Ill. Aug. 23, 2013) (*Ortiz* "requir[es] a court simultaneously facing both class certification and Article III standing to deal with Rule 23 issues first when they are dispositive, but [does] not direct[ ] district courts to postpone an inquiry into the threshold issue of justiciability outside of that context"). Having considered both interpretations, the Court agrees with the cases finding the standing issue to be premature at this stage. McDonnell has Article III standing to pursue her claim under Illinois law, having allegedly suffered injuries caused by Nature's Way. Her "capacity to represent individuals from other states depends upon obtaining class certification, and the standing issue would not exist but for their assertion of state law claims on behalf of class members in those states." *In re Aftermarket Filters*, 2009 WL

3754041, at *5. These standing issues therefore arise from McDonnell's attempt to represent the multistate class, making class certification issues "logically antecedent" to the standing concerns. *Id.* For this reason, addressing standing now is premature and will be deferred until the Court addresses class certification on the merits.

**VI.     Jury Demand**

Finally, Nature's Way argues that the Court should strike McDonnell's jury demand because ICFA does not create a right to trial by jury. Although Illinois state courts do not recognize a right to a jury trial under ICFA, *see, e.g.*, *Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 754, 163 Ill. 2d 33, 205 Ill. Dec. 443 (1994), "[t]he right to a jury trial in federal court hinges on federal procedural law," *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). The Seventh Amendment "may create a right to a jury trial in federal court even where no such right exists in state court." *Kremers v. The Coco-Cola Co.*, 714 F. Supp. 2d 912, 916 (S.D. Ill. 2009). To determine if McDonnell is entitled to a jury trial on her ICFA claim, the Court must "(1) compare the statutory action in question to analogous 18th-century actions existing at the time the Seventh Amendment was ratified, which antedates, of course, the merger of the courts of law and equity in the federal judicial system; and (2) examine the remedy sought, and determine whether the claim and remedy are legal or equitable in nature." *Id.* at 916–17. As other courts have found, an ICFA deceptive practices claim "resembles a common law fraud claim with the additional requirement that a plaintiff prove intent to deceive or reasonable reliance on misrepresentation." *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 941964, at *8 (N.D. Ill. Mar. 11, 2013) (collecting cases). McDonnell seeks monetary damages, a legal remedy giving rise to a right to a jury trial. *See Kremers*, 714 F. Supp. 2d at 918. The fact that McDonnell seeks to proceed on a classwide basis does not affect the equation.

11

*See Ortiz*, 527 U.S. at 845–46 (noting well-settled ruled that class action plaintiffs have a right to a jury trial on any legal issues presented to the court). Thus, the Court will not strike McDonnell's jury demand.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Nature's Way's motion to dismiss [27]. The Court dismisses the UDTPA claim (Count I) and McDonnell's claims based on unnamed Nature's Way products without prejudice.

Dated: March 28, 2017

                                                  SARA L. ELLIS
                                                  United States District Judge