IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL MCDONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-CV-05011 |
| | ) | |
| v. | ) | Hon. Sara Ellis |
| | ) | |
| NATURE'S WAY PRODUCTS, LLC, | ) ) | Hon. Sidney Schenkier (Magistrate) |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On March 28, 2017, this Court issued an order on Defendant's previous motion to dismiss, granting the motion in part and denying it in part. (Doc. 38). The Court held that Plaintiff Angel McDonnell had stated a claim for relief under the Illinois Consumer Fraud Act and for unjust enrichment. The Court also dismissed Plaintiff's claim for injunctive relief and held that McDonnell cannot pursue reliefs for claims related to "unidentified Nature's Way products." (Id. at 1-2). Plaintiff responded to the Court's order by accepting the Court's rulings and amending the Complaint to specify all of Nature's Way's products that make identical representations that the products are made in the USA while the products contain foreign-sourced ascorbic acid. Plaintiff also included specific products that Nature's Way has admitted bear incorrect "Made in USA" labels.

Defendant has taken a different approach, choosing to attempt to relitigate everything this Court already decided against it. Defendant begins its memorandum with an irrelevant and inaccurate recitation of other cases filed by Plaintiff's counsel. This meaningless discursion offers no substantive reason whatsoever to dismiss this case. This Court has already held that Plaintiff's Amended Complaint stated a claim under the Illinois Consumer Fraud Act (ICFA) and for unjust enrichment. (Doc. 38 at 6-7). Defendant's attempt to relitigate this issue should be rejected. The Court also dismissed Plaintiff's claims regarding other Nature's Way products without prejudice, stating that these claims could not be pursued without "additional details." (Doc. 38 at 8). The Second Amended Complaint provides these additional details and identifies the specific products that carry the identical misrepresentation found on the product Plaintiff bought. In most cases, the same foreign ingredient renders that misrepresentation false. The Court has already rejected a challenge to Plaintiff's ICFA claim under Rule 9(b) and should do so again regarding each of these products. In addition, the Court should reject any challenge to its jurisdiction over the Defendant, reserving the geographic scope of Plaintiff's ability to be a class representative for determination under Rule 23 at the class certification stage. Finally, Plaintiff's claims remain valid under the laws of the states listed in the Second Amended Complaint because those state laws are not limited to injunctive relief. Therefore, Defendant's motion should be denied in its entirety.

I.      **Standard of Review**

The standard of review is fully stated in Plaintiff's response to the original motion to dismiss. Simply summarized, the Court must "construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences" in the non-moving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aliano v. WhistlePig, LLC, 2015 WL 2399354 at 2 (N.D. Ill. May 18, 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Such an inference can be drawn if the plaintiff provides "only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests . . . ." Reger Development, LLC v. National City Bank, 592 F.3d 759, 764 (7th Cir. 2010) (see also Tamayo v. Blagojevich, 526 F.3d 1074, 1084-85 (7th Cir. 2008). The pleadings in this case must also satisfy Rule 9(b), which requires the Plaintiff to "provide a 'general outline of the fraud scheme' sufficient to 'reasonably notify the defendants of their purported role' in the fraud satisfies Rule 9(b)." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 237 F.R.D. 173, 175 (N.D. Ill. 2006) (quoting Midwest Grinding Co. Inc. v. Spitz, 976 F.2d 1016, 1020) (7th Cir. 1992).

## II.     Plaintiff Properly Alleged Her Damages.

Defendant renews its futile challenge to Plaintiff's ICFA claim, which has already been allowed to proceed by this Court, by arguing that Plaintiff has failed to properly allege her damages. As noted by the Court's Order, Plaintiff alleged that "she paid more for the products than they were actually worth" and "would not have purchased the vitamins at the price she paid if she had known that they contained foreign-sourced vitamins." (Doc. 38 at 6). The Court held that this was enough, noting that Nature's Way failed to cite any case that required a comparison of price. (Id.) Despite availing itself of a second bite at the apple, Nature's Way again cites no cases that require a specific comparison between prices or that establish a requirement that Plaintiff provide a particular amount of damages at the pleading stage.

An allegation that the Plaintiff would not have purchased the product at the price she paid has repeatedly been held sufficient to state a claim for damages under the ICFA. Jamison v. Summer Infant (USA), Inc., 778 F. Supp. 2d 900, 911-12 (N.D. Ill. 2011) (finding that allegation that Plaintiffs "would not have purchased the [products] or paid the purchase price for the {products]" if they had known the truth "is sufficiently concrete to meet the actual damages pleading requirement under ICFA"); Kim v. Carter's Inc., 598 F.3d 362, 365 (7th Cir. 2010) ("actual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by

causing her to pay 'more than the actual value of the property.'") (quoting Mulligan v. QVC, Inc., 888 N.E. 2d 1190, 1197-98 (Ill. App. 2008)); Muir v. Playtex Products, LLC, 983 F. Supp. 2d 980, 990 (N.D. Ill. 2013) (holding that a plaintiff need not allege that the product's performance was deficient); Dewan v. Ford Motor Co., 842 N.E.2d 756, 760-63 (Ill. App. 2005) (holding that allegation that "the defect caused the [product] to be worth less than the plaintiff paid for it and, had the plaintiff known… he would not have purchased the [product] or would have paid substantially less for it" was sufficient to establish damages under the ICFA).

Defendant admits that Plaintiff alleged precisely what has been approved in these cases—that the product was worth less than she paid for it and that she would not have purchased it at the price she paid if she had known the truth. (Doc. 51 at 7-8). Despite this precedent, some of which was cited by the Court in its order, Defendant even explicitly argues that the allegation that "she would not have purchased Women's Alive had she known it contained foreign sourced ascorbic acid – does not establish a pecuniary injury." (Id.) This is simply false. The Court's decision on the previous motion to dismiss was the correct one, and Defendant's new motion offers no legitimate reason to change it.

### III. Personal Jurisdiction is Proper in Illinois over a Multistate Class.

Personal jurisdiction is determined not by the relationship of the Plaintiff or potential class members to the forum state, but by "the relationship among the

defendant, the forum, and the litigation." Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). Plaintiff Angel McDonnell has sued the Defendant in Illinois. Her claims arise out of Defendant's contacts in Illinois because Defendant purposely chose to market mislabeled products in the state and Plaintiff bought one of those products in Illinois. See World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Any discussion of general personal jurisdiction is a red herring; this Court clearly has specific personal jurisdiction over the Defendant because of its purposeful contacts with Illinois. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1964).

Defendant makes no argument that it is not subject to personal jurisdiction with respect to Ms. McDonnell's claims. Rather, it attempts to split this case, which has only a single plaintiff, according to the laws under which she seeks to represent a multi-state class. In doing so, it relies on a case in which multiple plaintiffs from different states attempt to combine either individual or single-state class claims in one state. DeMaria v. Nissan North America, Inc., 2016 WL 374145 (N.D. Ill. Feb. 1, 2016). The only other case cited for the proposition that personal jurisdiction jurisprudence somehow prevents a plaintiff from representing a multi-state class relied on DeMaria. See deMedicis v. CVS Health Corp., 2017 WL 569157 at *5. This case, in which a single Plaintiff seeks to represent a multi-state class is simply different. The Supreme Court recently noted the difference between class cases and

cases with multiple plaintiffs, making it clear that its recent decision in Bristol Myers Squibb Co. v. Superior Court of California, San Francisco County, did not apply to class cases. ____ U.S. ____ (2017) (available at https://www.supremecourt.gov/opinions/16pdf/16-466_1qm1.pdf).[1]

If the Defendant's position were correct, no multi-state or nationwide class action could exist. This cannot be the actual state of the law. Courts throughout the country, including in the Seventh Circuit, have certified multi-state and nationwide class actions on a wide variety of claims. See e.g., Mirfasihi v. Fleet Mortg. Corp., 450 F.3d 745, 750-51 (7th Cir. 2006) (remanding for District Court to consider needs of multi-state class in settlement); Mullins v. Direct Digital, LLC, 795 F.3d 654, 673-74 (7th Cir. 2015) (affirming class consisting of purchasers in all states listed in the Second Amended Complaint as well as Massachusetts); In re U.S. Foodservice Inc. Pricing Litig., 728 F.3d 108, 123-124 (2d Cir. 2013) (affirming certification of multi-state class that implicated "the laws of 48 states, as well as tribal law'); Mednick v. Precor, Inc., 2017 WL 1021994 at *1-2 (N.D. Ill. Mar. 16, 2017) (certifying class for liability purposes including residents of Illinois and four other states); Nelson v. Mead Johnson & Johnson Co., 484 Fed. Appx. 429 (11th Cir. 2012) (affirming approval of nationwide class action settlement).

---

[1] It should also be noted that the Supreme Court decided the Bristol Myers case under the due process clause of the 14th amendment, which governs the jurisdiction of state courts. It explicitly left open the issue of whether, under the due process clause of the 5th amendment, a federal court may exercise jurisdiction in such a case.

Clearly multi-state and nationwide class actions are possible and do not violate the due process clause or the concept of personal jurisdiction. No court has ever ruled otherwise. The Supreme Court's most analogous ruling remains <u>Phillips Petroleum Co. v. Shutts</u>, in which it did not address jurisdiction over the defendant, but ruled that the forum state could exercise jurisdiction over absent members of the class from other states without offending the Court's personal jurisdiction rulings. 472 U.S. 797, 806-07 (1985). The bottom line is that even Defendant agrees that this Court has personal jurisdiction over the claims of Angel McDonnell. The Court has already ruled that the scope of those claims, including whether she can represent residents of other states, should be determined at the class certification stage. (Doc. 38 at 9 (citing <u>Amchem Products Inc. v. Windsor</u>, 521 U.S. 591, 612 (1997))). Defendant provides no reason to change this ruling.

### IV.     Plaintiff States a Claim Under Rule 9(b) Regarding All Products.

Rule 9(b) of the Federal Rules of Civil Procedure requires the Plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). The Seventh Circuit has held that a plaintiff may do so by "provid[ing] a 'general outline of the fraud scheme' sufficient to 'reasonably notify the defendants of their purported role' in the fraud satisfies Rule 9(b)." <u>Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec</u>, 237 F.R.D. 173, 175 (N.D. Ill. 2006) (quoting <u>Midwest Grinding Co. Inc. v. Spitz</u>, 976 F.2d 1016, 1020) (7th

Cir. 1992). It has also characterized 9(b) as requiring plaintiffs to "describe the 'who, what, when, where, and how' of the fraud – the first paragraph of any newspaper story.'" Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-42 (7th Cir. 2011) (quoting United States ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 854 (7th Cir. 2009)). "Yet, because courts and litigants often erroneously take an overly rigid view of the formulation we have also observed that the requisite information—what gets included in that first paragraph— may vary on the facts of a given case. Pirelli Armstrong, 631 F.3d at 442 (citing Emery v. Am. Gen. Fin. Inc., 134 F.3d 1321, 1324 (7th Cir. 1996)).

This Court has already held that Plaintiff's allegations concerning Women's Alive state a claim with the requisite particularity under Rule 9(b). (Do. 38 at 6). The Court also noted that Nature's Way has pointed to no cases that require additional specificity, such as the country where Nature's Way might source its vitamin C. (Id.) This remains true, as Nature's Way has cited no new cases in alleging that Plaintiff has failed to meet Rule 9(b) with respect to other products. In its previous Order, the Court rightly determined that Plaintiff could not proceed based on a general allegation against a group of products, but would have to identify the products that contained the misrepresentation that the products are made in the USA. Plaintiff researched Nature's Way products and included two groups of specifically-named products in the Second Amended Complaint. First, she included all products that

contain Vitamin C in the form of Ascorbic Acid and are labeled as made in the USA. (Doc. 42 at ¶ 22). Secondly, Plaintiff discovered that Nature's Way had already admitted that some of its supplements contained foreign ingredients, in connection with a "Customer Satisfaction Program" in California. (Doc. 42 at ¶ 23-24.)

For the first category, listed in Paragraph 22 of the Second Amended Complaint, Plaintiff alleges that these products contained the exact same foreign-sourced ingredient and made the exact same misrepresentations to consumers as the product that Plaintiff purchased. Plaintiff also alleges that the consumers who bought these products were deceived in precisely the same way as Plaintiff. Defendant has clearly been put on notice of its role in the fraud, as required by the Seventh Circuit. <u>Midwest Grinding Co. Inc. v. Spitz</u>, 976 F.2d 1016, 1020) (7th Cir. 1992). The Complaint also provides the who, what, where, when, and how of the fraud. <u>Pirelli Armstrong</u>, 631 F.3d at 442. Nature's Way (who) put the representation that the product was made in the USA (what) on the labels (where) of products that contained foreign-sourced Ascorbic Acid (how the action was fraudulent.) The when of the fraud was each and every time the mislabeled products were sold. The lack of specific dates for each of these sales certainly does not deprive Nature's Way of a complete understanding of its alleged role in the fraud. Like the attached picture in the first Complaint, the attached pictures to the Second Amended Complaint are not necessary to the claim, but simply provide additional information.

With respect to the products listed in Paragraph 24, Nature's Way has essentially admitted that these products contain foreign-sourced ingredients, offering refunds to California residents who have either the product or a receipt. (See Doc. 42-1). For these products too, Plaintiff McDonnell alleges that Nature's Way made the exact same misrepresentation (that the products were made in the USA), in the same place (on the labels), which was deceptive because the products contained foreign ingredients (just like the Ascorbic Acid in the products listed in Paragraph 22). The consumers who purchased the products were deceived in the exact same way and suffered the same harm. The only information missing with respect to these products is which of the ingredients were foreign-sourced. This information is entirely in the hands of the Defendant, and the Seventh Circuit has stated that the requirements of Rule 9(b) are "relaxed" in such a situation. Emery v. Am. Gen. Fin. Inc., 134 F.3d at 1323.

As instructed by the Court, Plaintiff has determined exactly which of Nature's Way products violate the Federal Trade Commission's standards for being labeled as "made in the USA." She has listed each of these products in the Second Amended Complaint and explained how they deceived customers. There can be no doubt that Nature's Way knows exactly what its purported role in this fraud is alleged to be. Therefore, the purpose of Rule 9(b) has been achieved, and no part of the complaint should be dismissed on this ground.

## V.  The Related Laws of Other States are Not Limited to Injunctive Relief.

The Court dismissed Plaintiffs claim under the Illinois Deceptive Trade Practices Act because it determined that injunctive relief, the only form of relief available under that Act, was not appropriate in this case. Plaintiff therefore removed this count from the Second Amended Complaint. However, this should have no effect on claims under other state's statutes that do allow claims for damages.[2] The laws of Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington all authorize the recovery of damages under the laws cited in the Second Amended Complaint.

In Florida, Fla. Stat. 501.211(2) states that "In any action brought by a person who has suffered a loss as a result of violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in § 502.2105." Fla. Stat. § 501.211(2); see also Gavron v. Weather Shield Mfg., Inc., 819 F. Supp. 2d 1297 (S.D. Fla. 2011). Michigan's analogous law explicitly authorizes a class action for damages. Mich. Stat. § 445.911(3). Likewise, Missouri law authorizes the recovery of action damages, while New Jersey law defines damages as the refund of any moneys gained by deceptive act. Mo. Rev. Stat. 407.025; N.J. Stat. Ann. 65:8-2.11. Minnesota case law clearly allows the recovery of damages under that states

---

[2] Plaintiff hereby drops her claim under California's Unfair Competition Law, but retains claims under the laws of all other states mentioned in the Complaint.

Prevention of Consumer Fraud Act ("MPCFA"), the law cited in the Second Amended Complaint. See Jiminez v. Mortg. Electronic Registration Sys., Inc., 2009 WL 2156041 at *1 (D. Minn. 2009) (awarding damages under the MPCFA); Higgins v. Harold-Chevrolet-Geo, Inc., 2005 WL 2660923 (Minn. App. 2004) (discussing availability of damages under statute). New York's General Business Law authorizes any person to bring an action to recover actual or statutory damages. N.Y. Gen. Bus. Law. § 349. Likewise, the Washington Code authorizes suit to recover actual damages. Rev. Code Was. 19.86.090.

Thus, none of the statutes invoked by the Second Amended Complaint contain the limitations that caused this Court to dismiss Plaintiff's claim for injunctive relief. Therefore, the abandonment of the claim for injunctive relief provides no support for the dismissal of any claim under the other state's statutes.

## VI. Conclusion

Defendant's motion to dismiss the Second Amended Complaint consists primarily of a groundless attempt to relitigate issues this Court has already decided. The remaining arguments are unfounded and unavailing. The motion should be denied in its entirety.

Respectfully submitted this 23rd day of June, 2017,

/s/ John E. Norris
John E. Norris
One of the Attorneys for Plaintiff

**OF COUNSEL:**
DAVIS & NORRIS, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com
krivers@davisnorris.com

Michael Jeffrey Gunderson
THE GUNDERSON LAW FIRM, LLC
2155 Roscoe Street
Chicago, Illinois 60618
Telephone: 312.600.500
mgunderson@gundersontharp.com


## CERTIFICATE OF SERVICE

     I hereby certify that on June 23, 2017, the foregoing was electronically filed with the Clerk of the Court, by which n**ot**ification of such filing was electronically sent and served to all counsel of record via the CM/ECF system.

                                          /s/ John E. Norris
                                          Attorney for Plaintiff