UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL McDONNELL, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 5011 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| NATURE'S WAY PRODUCTS, LLC, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

After learning that Alive! Women's Energy Supplements ("Women's Alive") contain substantial ingredients that are not "Made in the USA" as advertised, Plaintiff Angel McDonnell filed this putative class action complaint against Defendant Nature's Way Products, LLC ("Nature's Way"), Women's Alive's manufacturer. After the Court narrowed the claims on which she could proceed, *see* Doc. 38,[1] McDonnell filed a second amended complaint, bringing claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, as well as seven states' consumer fraud laws,[2] in addition to an unjust enrichment claim. Nature's Way has filed a motion to dismiss the second amended complaint [42].

---

[1] Specifically, in addressing McDonnell's amended complaint, the Court dismissed her claim under the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") but allowed her to proceed on her Illinois Consumer Fraud and Deceptive Business Practices Act and unjust enrichment claims. The Court also allowed McDonnell to pursue claims under other states' consumer fraud laws, finding the standing issue raised by Nature's Way more appropriate for resolution at the class certification stage. Finally, the Court dismissed her claims based on unnamed Nature's Way products.

[2] McDonnell seeks to represent class members not only in Illinois but also in Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington, bringing claims under these states' consumer fraud laws as well.

The Court grants in part and denies in part Nature's Way's motion to dismiss. The Court allows McDonnell to proceed on her ICFA and unjust enrichment claims with respect to the Women's Alive product she purchased, finding that she has sufficiently pleaded the required ICFA elements at this stage and that the unjust enrichment claim rises or falls alongside the ICFA claim. But the Court dismisses McDonnell's claims related to the products listed in paragraph 22 and 24 of the second amended complaint that are alleged to contain unspecified ingredients that are not "Made in USA" and her claims for violations of the seven other states' consumer fraud laws, finding the Court does not have personal jurisdiction over Nature's Way with respect to those claims.

## BACKGROUND[3]

McDonnell, a resident of Plainfield, Illinois, purchased Women's Alive on several occasions in 2013 and 2014 at CVS and Walgreens stores in Joliet and Plainfield, Illinois. Women's Alive is one of a number of vitamin supplements manufactured and sold by Nature's Way. Women's Alive includes vitamin C in the form of ascorbic acid as a significant ingredient. Although the ascorbic acid is manufactured outside of the United States, the Women's Alive label states both on the bottom of the box and the bottle that it is "Made in USA."[4] Doc. 42 ¶ 10. But pursuant to the Federal Trade Commission's guidelines concerning domestic source representations, because the product contains foreign-sourced vitamin C, Nature's Way should qualifiy the "Made in USA" statement. McDonnell relied on the representation that Women's

---

[3] The facts in the background section are taken from McDonnell's second amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving Nature's Way's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

[4] The second amended complaint includes a photograph of the label of the bottom of a Women's Alive box purchased in 2016. The label includes a 2014 copyright and McDonnell alleges that "it is either the same as or very similar to the labels seen by Plaintiff." Doc. 42 ¶ 10.

Alive was made in the USA when buying the supplement because she prefers to purchase goods made in the United States instead of imported goods and she believed that the vitamins contained in the supplement did not originate from foreign sources.  Nature's Way produces an additional sixty-nine other products, listed in the second amended complaint, which use ascorbic acid or other unspecified ingredients not made in the United States but are nonetheless marketed as "Made in USA."  *See id.* ¶¶ 22, 24.  Nature's Way offered a refund for these products in California in 2016, but it did not offer a similar program to purchasers of these products in other states.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will

3

necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

## ANALYSIS

I.  **Sufficiency of McDonnell's Pecuniary Injury Allegations**

First, Nature's Way renews its argument that McDonnell's claims fail because she has not sufficiently alleged a pecuniary injury. The Court, however, already addressed this issue and after considering Nature's Way's renewed arguments, finds no reason to depart from its prior conclusion that McDonnell has stated enough of a pecuniary injury to proceed to discovery. *See* Doc. 38 at 6–7. To state an ICFA claim, McDonnell must allege (1) a deceptive or unfair act or practice by Nature's Way, (2) Nature's Way's intent that McDonnell rely on the deceptive or unfair practice, (3) the deceptive or unfair practice occurred in the course of conduct involving trade or commerce, and (4) Nature's Way's deceptive or unfair practice caused McDonnell actual damage. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). Because McDonnell proceeds on a deceptive practices claim, she must meet Rule 9(b)'s heightened pleading standard. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

Nature's Way again focuses on the fourth element of an ICFA claim, actual damages, which "requires that the plaintiff suffer actual pecuniary loss." *Kim*, 598 F.3d at 365 (citation omitted) (internal quotation marks omitted). As the Court previously explained, "actual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her

4

to pay 'more than the actual value of the property.'" *Id.* (quoting *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197–98, 382 Ill. App. 3d 620, 321 Ill. Dec. 257 (2008)).  McDonnell again alleges that "she paid more for the products than they were actually worth" and "would not have purchased the vitamins at the price she paid if she had known that they contained foreign-sourced vitamins."  Doc. 42 ¶ 21.  The Court previously found that these allegations sufficed to allege actual damages, rejecting Nature's Way's insistence that McDonnell include comparisons to other vitamins or the price she paid for Women's Alive.  *See* Doc. 38 at 6–7 (collecting cases findings allegations similar to McDonnell's sufficient to allege pecuniary injury); *see also Block v. Lifeway Foods, Inc.*, No. 17 C 1717, 2017 WL 3895565, at *5 (N.D. Ill. Sept. 6, 2017) (finding plaintiff adequately alleged actual damage where he claimed he would not have bought product if he had known it was not in fact 99% lactose free and alleged that defendant charged more for the product because of the misrepresentation).

The Court does not find the cases Nature's Way cites in support of its renewed argument to compel a different result.  The Court already distinguished *Demedicis v. CVS Health Corp.* in its prior opinion, finding that although McDonnell's allegations are relatively bare-boned, they cure the issue identified in *Demedicis*, where the plaintiff did not even allege "that, but for the alleged deception, he would not have purchased the Supplements," or that "the supplements were more expensive because they were marked 'Made in U.S.A.'"  No. 16-cv-5973, 2017 WL 569157, at *3 (N.D. Ill. Feb. 13, 2017).  The Court respectfully disagrees with the *Sabo v. Wellpet, LLC* court, which imposed a more stringent pleading standard on the plaintiff, noting he did not plead that he actually paid more for the purchased products because he believed them to be American-made and requiring a factual foundation for his estimation of their worth at the pleading stage.  --- F. Supp. 3d ----, 2017 WL 1427057, at *3 (N.D. Ill. Apr. 21, 2017).  Finally,

5

*In re Barnes & Noble Pin Pad Litigation* involved a different factual situation and the question of standing, not whether a plaintiff sufficiently stated a claim. No. 12-cv-8617, 2013 WL 4759588, at *5 (N.D. Ill. Sept. 3, 2013). Therefore, the Court stands by its prior Opinion finding McDonnell has adequately pleaded pecuniary injury and turns to Nature's Way's remaining arguments.[5]

## II. Claims for Purchase of Women's Alive Outside of Illinois and Other Nature's Way Products

Nature's Way argues that the Court does not have personal jurisdiction over it for McDonnell's claims related to sales of Women's Alive outside of Illinois and the sale of other Nature's Way products referenced in paragraphs 22 and 24 of the second amended complaint both within and outside of Illinois because McDonnell never bought these products, having only bought Women's Alive in Illinois.[6] McDonnell responds that specific personal jurisdiction exists in Illinois because Nature's Way has purposely chosen to market mislabeled products in Illinois.

In diversity cases, the Court may exercise personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois allows for personal jurisdiction to the full extent authorized by the Illinois and United States Constitutions. *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725

---

[5] Although the Court has discussed the issue of pecuniary injury in the context of an ICFA claim, its conclusion applies equally to McDonnell's unjust enrichment claim, which stands or falls with the ICFA claim. *See* Doc. 38 at 7 (citing *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)). To the extent Nature's Way challenges McDonnell's ability to establish pecuniary injury with respect to products she did not purchase, the Court addresses those claims separately.

[6] In its decision addressing Nature's Way's motion to dismiss McDonnell's amended complaint, the Court deferred deciding whether McDonnell had standing to represent individuals from other states, finding class certification issues to be "logically antecedent" to standing concerns. *See* Doc. 38 at 9–11. (quoting *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 WL 3754041, at *5 (N.D. Ill. Nov. 5, 2009). There, the Court noted that Nature's Way did not raise a personal jurisdiction argument, as it had in *Demedicis*, and so the Court similarly did not address personal jurisdiction. *Id.* at 9 n.4.

6

F.3d 718, 732 (7th Cir. 2013). To the extent the federal constitutional and Illinois statutory inquiries diverge, "the Illinois constitutional standard is likely more restrictive than its federal counterpart," but both essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable and thus a single inquiry will do. *Id.*; *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, No. 1:12-cv-08759, 2013 WL 5926062, at *2 (N.D. Ill. Nov. 5, 2013) ("In light of the Seventh Circuit's assessment in *Hyatt* and the absence of post-*Rollins* [*v. Elwood*, 565 N.E.2d 1302, 1315 (Ill. 1990)] guidance from the Illinois courts as to how Illinois and federal law may differ as a practical matter in regard to personal jurisdiction, a single due process inquiry will suffice."). In order to satisfy the Due Process Clause, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1984).

Personal jurisdiction comes in two forms: general and specific. The Court need not address general jurisdiction, because McDonnell only contends that the Court has specific jurisdiction over Nature's Way for her multi-state and non-Women's Alive claims. Specific jurisdiction exists "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). The Court looks to the "defendant's suit-related conduct" and its connection to the forum state; "a

defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, --- U.S. ----, 134 S. Ct. 1115, 1121, 1123, 188 L. Ed. 2d 12 (2014); *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 915–16 (7th Cir. 2015). Additionally, a state may not assert specific jurisdiction over a nonresident's claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, --- U.S. ----, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) (the "mere fact that *other* [resident] plaintiffs" took defendant's drugs in the state and sustained the same injuries as nonresident plaintiffs did not provide the required "connection between the forum and the specific claims at issue" for the Court to exercise jurisdiction over the nonresidents' claims against defendant).[7]

In addition to claims for purchasing Women's Alive in Illinois, McDonnell seeks to bring claims on behalf of residents of Illinois and seven other states under these states' consumer fraud laws for products that McDonnell does not allege she purchased. Although these individuals are not named plaintiffs, the analysis used in *Bristol-Myers Squibb Co.* is instructive in considering whether the Court has personal jurisdiction over the claims McDonnell asserts on their behalf against Nature's Way. The second amended complaint does not include allegations connecting Nature's Way activities in Illinois to any of these non-Women's Alive products or to purchasers

---

[7] *Bristol-Myers Squibb Co.* expressly applies to state courts and "leave[s] open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." 137 S. Ct. at 1784. Because the Court is exercising diversity jurisdiction and looking to Illinois law, however, *Bristol-Myers Squibb Co.* applies here. *See Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-cv-00564 NC, 2017 WL 4224723, at *4 (N.D. Cal. Sept. 22, 2017) (extending *Bristol-Myers Squibb Co.*'s reasoning to cases in federal courts). The Court in *Bristol-Myers Squibb Co.* also addressed mass actions, where numerous plaintiffs were joined together in one action, as opposed to the situation here, where a single plaintiff injured in the forum state seeks to represent a multi-state class, with only the named plaintiff injured in the forum state. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting). At least one court has found this a reason not to extend the Supreme Court's reasoning to the class action context. *See Fitzhenry-Russell*, 2017 WL 4224723, at *5 (refusing to extend *Bristol-Myers Squibb Co.* to class action context, taking into account only the named plaintiffs and not the putative class members).

8

of Women's Alive products outside of Illinois so as to provide the Court with specific jurisdiction over these claims. Purchasers of Women's Alive and the other sixty-nine products described in paragraphs 22 and 24 who live in Florida, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington have no injury arising from Nature's Way's forum-related activities in Illinois. Instead, any injury they suffered occurred in the state where they purchased the products. Because the only connection to Illinois is that provided by McDonnell's purchase of Women's Alive, which cannot provide a basis for the Court to exercise personal jurisdiction over the claims of nonresidents where Nature's Way has no other connection to this forum, the Court dismisses all claims pertaining to Women's Alive and the products mentioned in paragraphs 22 and 24 brought on behalf of non-Illinois residents or for violations of Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington law without prejudice. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781–83; *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) (noting that the court lacked personal jurisdiction over claims of putative class members with no connection to Arizona, citing to *Bristol-Myers Squibb Co.*); *Demedicis*, 2017 WL 569157, at *4–5 (dismissing plaintiff's claims for violations of non-Illinois consumer fraud statutes where plaintiff was the sole connection between defendants and Illinois); *DeMaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *8 (N.D. Ill. Feb. 1, 2016) (dismissing claims brought by out-of-state plaintiffs, noting that "each plaintiff's claim is predicated on the law of the particular state where he or she purchased a car and the claims of the other plaintiffs as alleged remain unrelated to anything that transpired in Illinois, [meaning that] imposing personal jurisdiction for all of the claims . . . would run afoul of the traditional notions of fair play and substantial justice"). Additionally, because the second amended complaint includes no

allegations of an Illinois resident purchasing any of the non-Women's Alive products in Illinois, meaning nothing in the second amended complaint ties the claims against Nature's Way arising out of the purchase of these products to Illinois so as to establish personal jurisdiction over Nature's Way, the Court dismisses all claims based on the non-Women's Alive products brought on behalf of Illinois residents without prejudice.[8]

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Nature's Way's motion to dismiss [50]. The Court dismisses McDonnell's claims related to the products listed in paragraphs 22 and 24 of the second amended complaint without prejudice. The Court dismisses Count 5 of the second amended complaint, which encompasses all claims on behalf of prospective class members in Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington, without prejudice. The Court orders Nature's Way to answer the remaining allegations of the second amended complaint by November 27, 2017.

Dated: October 26, 2017

SARA L. ELLIS
United States District Judge

---

[8] Because the Court finds it does not have personal jurisdiction over all claims relating to non-Women's Alive products under Illinois law and over Women's Alive and non-Women's Alive products under other states' consumer fraud laws, it need not address Nature's Way's other arguments as to why dismissal of these claims is appropriate.